1

2

3                          UNITED STATES DISTRICT COURT

4                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

5                              OAKLAND DIVISION

6

7   | TERRELL JONES, a California resident; | Case No:  C 12-03516 SBA
    | MICHAEL JOHNSON, a Florida resident; |
8   | DERRICK PAIGE, a Texas resident; | **ORDER DENYING PLAINTIFFS'**
    | WILFREDO BETANCOURT, a Nevada | **MOTION FOR PRELIMINARY**
9   | Resident; YOLANDA McBRAYER, a former | **APPROVAL OF CLASS ACTION**
    | Colorado resident; and MICHAEL PIERSON, | **SETTLEMENT, CONDITIONAL**
10  | a North Carolina resident, individually, and on | **CERTIFICATION, APPROVAL OF**
    | behalf of all others similarly situated, | **CLASS NOTICE AND SETTING OF**
11  | | **FINAL FAIRNESS HEARING**

12              Plaintiffs,                    Docket 26

                vs.
13

    AGILYSYS, INC., an Ohio corporation;
14  AGILYSYS NV, LLC, a Delaware limited
    liability company; and DOES 1 through 100,
15  inclusive,

16              Defendants.

17

18          This is a wage and hour hybrid state law class action under Rule 23 of the Federal

19   Rules of Civil Procedure and a nationwide collective action under the Fair Labor Standards

20   Act ("FLSA"), 29 U.S.C. §§ 201-219, brought on behalf of individuals who are or were

21   employed as Installation Specialists ("IS") by Agilysys, Inc., and Agilysys NV, LLC

22   (collectively "Agilysys").  The parties are presently before the Court on Plaintiffs'

23   unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement,

24   Conditional Certification, Approval of Class Notice, and Setting of Final Fairness Hearing.

25   Dkt. 26.  Having read and considered the papers filed in connection with this matter and

26   being fully informed, the Court hereby DENIES the motion for the reasons set forth below.

27   The Court, in its discretion, finds this matter suitable for resolution without oral argument.

28   See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

# I.   BACKGROUND

## A.   LEGAL OVERVIEW

Enacted in 1938, the FLSA, requires employers to pay their employees at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206, and to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week, 29 U.S.C. § 207(a).  California law likewise requires employers to pay their employees time and one-half for work exceeding forty hours per week.  Cal. Lab. Code § 510(a).  Although representative actions may be predicated on both the FLSA and state law, the procedures for bringing such actions differ significantly.

Under the California Labor Code, an aggrieved employee may bring a private action to recover unpaid wages, id. § 1194(a), and may proceed as a class action, Prince v. CLS Transp., Inc., 118 Cal.App.4th 1320, 1328 (2004).  When a state law wage and hour class action is pending in federal court, the requirements of Rule 23 are controlling.  See Marlo v. United Parcel Serv., Inc., 639 F.3d 972, 947 (9th Cir. 2011).  In contrast, the provisions of Rule 23 do not apply to FLSA actions.  See Genesis Healthcare Corp. v. Symczyk, 133 S.Ct. 1523, 1529 (2013).  Rather, the FLSA only allows an employee to bring a "collective action" on behalf of other "similarly situated" employees.  29 U.S.C. § 216(b).  "A 'collective action' differs from a class action."  McElmurry v. U.S. Bank Nat. Ass'n, 495 F.3d 1136, 1139 (9th Cir. 2007).  In a class action brought under Rule 23, all members of a certified class are bound by the judgment unless they opt-*out* of the suit.  Id.  In a collective action under the FLSA, 29 U.S.C. § 216(b), only those claimants who affirmatively opt-*in* by providing a written consent are bound by the results of the action.  Id.

The process for approving a settlement in a class action also differs from a collective action.  Under Rule 23, "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23(e).  "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights."  In re Syncor ERISA Litig., 516 F.3d 1095, 1100 (9th Cir. 2008).  The Rule 23(e) approval process entails two-steps:

1  (1) preliminary approval of the settlement; and (2) final approval of the settlement at a

2  fairness hearing following notice to the class.  See Manual for Complex Litig. § 21.632 (4th

3  ed. 2004). At the preliminary approval stage, the court must assess "whether a class exists,"

4  and, if so, may conditionally certify a class and/or subclasses for purposes of settlement.

5  See Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003).  Final approval is conferred

6  "only after a hearing and on finding that it is fair, reasonable, and adequate."  Fed. R. Civ.

7  P. 23(e)(2); Officers for Justice v. Civil Serv. Comm'n of the City and Cnty. of San

8  Francisco, 688 F.2d 615, 625 (9th Cir. 1982).  The decision to approve or reject a

9  settlement lies within the Court's discretion.  Hanlon v. Chrysler Corp., 150 F.3d 1011,

10  1026 (9th Cir. 1998).

11      Settlements of private collective action claims under the FLSA also require court

12  approval.  See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir.

13  1982).  A proposed settlement which involves a compromise by an employee will be

14  approved only after the court determines that the settlement is a "fair and reasonable

15  resolution of a bona fide dispute over FLSA provisions."  Id.  "[T]he reason judicial

16  approval is required for FLSA settlements is to ensure that a settlement of an FLSA claim

17  does not undermine the statute's terms or purposes."  Miles v. Ruby Tuesday, Inc., 799 F.

18  Supp. 2d 618, 622-23 (E.D. Va. 2011).  Although it is not entirely clear that *preliminary*

19  *approval* of a proposed FLSA settlement is required as in the case of a Rule 23 class action,

20  the Court may nonetheless conditionally certify an FLSA suit as a collective action so that

21  similarly-situated employees receive notice of the action and the proposed settlement.

22  Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989) (noting that the FLSA

23  requires courts to provide potential plaintiffs "accurate and timely notice concerning the

24  pendency of the collective action, so that they can make informed decisions about whether

25  to participate."); see also Vasquez v. Coast Valley Roofing, Inc., 670 F. Supp. 2d 1114,

26  1124 (E.D. Cal. 2009) ("Subject to final approval at a later date, conditional certification of

27  a settlement class under the FLSA is appropriate.").

28

**B.    FACTUAL AND PROCEDURAL SUMMARY**

Plaintiffs Terrell Jones, Michael Johnson, Derrick Paige, Wilfredo Betancourt, Yolanda McBrayer and Michael Pierson were formerly employed as IS personnel by Agilysis, a developer and marketer of enterprise software and services.  They allege that Agilysis misclassified them as exempt employees, and as a result, failed to pay them overtime wages as required by state and federal laws.  Plaintiffs filed their Complaint in this Court on July 6, 2012, and a First Amended Complaint ("FAC") on August 9, 2012. Dkt. 1, 9. The FAC alleges violations of the FLSA on behalf of a nationwide class as well as violations of the California Labor Code on behalf of a California class.  FAC ¶¶ 14-15.

In early 2013, the parties mediated their dispute before attorney Mark Rudy. Khoury Decl. ¶ 32.  Although the parties failed to reach a settlement at the mediation, the mediator subsequently presented them with a settlement proposal, which both sides later accepted on March 3, 2013.  Id.  The terms of the settlement call for Agilysis to pay a Gross Settlement Amount ("GSA") of $1,530,830.00, which sum includes:  (a) attorneys' fees in an amount not to exceed 25% of the GSA or rather $375,000; (b) litigation costs estimated at $25,000; (c) Class Representative Payment of up to $5,000 for each of the six named Plaintiffs; (d) claims administration expenses to Rust Consulting, Inc., estimated at $16,500, and (e) a Private Attorney General Act ("PAGA") payment to the Labor and Workforce Development Agency ("LWDA") in the amount of $25,000.  Id.[1]

Plaintiffs now move for preliminary approval of the settlement and conditional certification of two classes:  (1) a nationwide class (excluding California) under the FLSA; and (2) a California class under the California Labor Code and Rule 23.  According to Plaintiffs, there are a total of 131 current and former IS employees.  Of that number, an estimated 117 individuals are and/or were employed outside of California ("the Non-

---

[1] Under PAGA, a plaintiff may seek penalties in the sum of one hundred dollars ($100) per aggrieved employee, per pay period, for an initial Labor Code violation, and two hundred dollars ($200) for each subsequent violation per aggrieved employee, per pay period.  Cal. Lab. Code § 2699(f)(2).  If an employee successfully recovers an award of civil penalties, PAGA mandates that 75 percent of the recovery be paid to the LWDA, leaving the remaining 25 percent as recovery for the employee.

1  California FLSA Class"), and an estimated 14 are and/or were employed in California ("the

2  California Class").  Khoury Decl. ¶ 8.  The class period for the Non-California FLSA Class

3  runs from July 5, 2009 through March 4, 2013.  The class period for the California Class is

4  from July 5, 2008 through March 4, 2013.  Plaintiffs seek to conditionally certify the Non-

5  California FLSA Class under the FLSA and the California Class under Rule 23(a) and

6  (b)(3).[2]

7  II.     **DISCUSSION**

8          A.     THE NON-CALIFORNIA FLSA CLASS

9          Plaintiffs seek to conditionally certify an FLSA class of IS employees employed

10  outside of California.  As noted, the FLSA allows an aggrieved employee to bring a

11  collective action on behalf of "similarly situated" employees against their employer.  Does I

12  thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1064 (9th Cir. 2000).  Although the

13  FLSA does not define "similarly situated," federal courts have generally adopted a two-step

14  approach to determine whether to permit a collective action to proceed.  Hill v. R&L

15  Carriers, Inc., 690 F. Supp. 2d 1001, 1009 (N.D. Cal. 2010).  The first step is the "notice

16  stage," at which time the district court assesses whether potential class members should be

17  notified of the opportunity to opt-in to the action.  Buenaventura v. Champion Drywall, Inc.

18  of Nev., No. 2:10-cv-00377-LDG (RJJ), 2012 WL 1032428, at *8 (D. Nev., Mar. 27,

19  2012).  "To grant conditional certification at this stage, the court requires little more than

20  substantial allegations, supported by declarations or discovery, that the putative class

21  members were together the victims of a single decision, policy, or plan."  Stanfield v. First

22  NLC Fin. Servs., LLC, No. C 06-3892 SBA, 2006 WL 3190527, at *2 (N.D. Cal., Nov. 1,

23  2006) (internal quotations and citations omitted).  "Plaintiff need not show that his position

24  is or was identical to the putative class members' positions; a class may be certified under

25  the FLSA if the named plaintiff can show that his position was or is similar to those of the

26

27          [2] To account for the greater value of the California Class Members' claims and the
additional year of damages under California Business and Professions Code § 17200,
28  California Class members will receive 25% greater settlement payout.

1 absent class members." Edwards v. City of Long Beach, 467 F. Supp. 2d 986, 990 (C.D.

2 Cal. 2006). "Since this first determination is generally made before the close of discovery

3 and based on a limited amount of evidence, the court applies a fairly lenient standard and

4 typically grants conditional class certification." Misra v. Decision One Mortg. Co., LLC,

5 673 F. Supp. 2d 987, 993 (C.D. Cal. 2008).[3]

6      In the instant case, Plaintiffs have adequately demonstrated that the potential

7 collective action members were subject to the same policy that resulted in Agilysis' failure

8 to pay them wages to which they were lawfully entitled under the FLSA. See FAC ¶¶ 12-

9 19; Khoury Decl. ¶¶ 17-19; Jones Decl. ¶¶ 3-4; Johnson Decl. ¶¶ 3-4; Paige Decl. ¶¶ 3-4;

10 Betancourt Decl. ¶¶ 3-4; McBrayer Decl. ¶¶ 3-4; Pierson Decl. ¶¶ 3-4. Accordingly, the

11 Court finds that Plaintiffs have sufficiently shown that potential collective action members

12 in states outside of California are "similarly situated" within the meaning of the FLSA for

13 purposes of conditional certification. See Sanchez v. Sephora USA, Inc., No. C 11-

14 3396 SBA, 2012 WL 2945753, at *3 (N.D. Cal. July 18, 2012) (granting conditional

15 certification in an FLSA action based on pleadings and declarations from plaintiffs).

16      **B.      THE CALIFORNIA CLASS**

17      Pursuant to Rule 23(a) and (b)(3), Plaintiffs seek to certify a class consisting of

18 present and former California IS employees and preliminary approval of the proposed

19 settlement under Rule 23(e). A class action may be certified only if it meets the four

20 prerequisites identified in Rule 23(a) *and* additionally fits within one of the three

21 subdivisions of Rule 23(b). Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997).

22 "The four requirements of Rule 23(a) are commonly referred to as 'numerosity,'

23 'commonality,' 'typicality,' and 'adequacy of representation' (or just 'adequacy'),

24 respectively." United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv.

25

26      [3] At the second step—typically initiated by a motion to decertify after discovery is complete—the court engages in a more searching inquiry. Leuthold, 224 F.R.D. at 466.
27 "Should the court determine on the basis of the complete factual record that the plaintiffs are not similarly situated, then the court may decertify the class and dismiss the opt-in
28 plaintiffs without prejudice." Id. at 467.

1  Workers Int'l Union, AFL-CIO v. ConocoPhillips Co., 593 F.3d 802, 806 (9th Cir. 2010).

2  Certification under Rule 23(b)(3) is appropriate where common questions of law or fact

3  predominate and class resolution is superior to other available methods.  Fed. R. Civ. P.

4  23(b)(3).  Although a district court has discretion in determining whether the moving party

5  has satisfied each Rule 23 requirement, the court must conduct a rigorous inquiry before

6  certifying a class.  Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1977); Ellis v.

7  Costco Wholesale Corp., 657 F.3d 970, 981 (9th Cir. 2011).

8        With regard to the numerosity requirement, the plaintiff must establish that the

9  population of putative class members is "so numerous that joinder of all members is

10  impracticable."  Fed. R. Civ. P. 23(a)(1).  The plaintiff must present evidence to satisfy this

11  requirement.  See Wal-Mart Stores v. Dukes, 131 S.Ct. 2541, 2551 (2011) ("A party

12  seeking class certification must affirmatively demonstrate his compliance with the Rule—

13  that is, he must be prepared to prove that there are in fact sufficiently numerous

14  parties . . . .").  The failure to present such evidence precludes class certification.  See Black

15  Faculty Ass'n of Mesa College v. San Diego Cmty. College Dist., 664 F.2d 1153, 1157 (9th

16  Cir. 1981) (finding that there was an insufficient basis upon which to certify a class, given

17  the lack of evidence regarding numerosity and the other requirements of Rule 23(a)).

18        The numerosity requirement is not tied to any fixed numerical threshold; it "requires

19  examination of the specific facts of each case and imposes no absolute limitations."  Gen.

20  Tel. Co. of the Nw., Inc. v. EEOC, 446 U.S. 318, 330 (1980) ("General Telephone").

21  Nevertheless, precedent provides some guidance.  In general, courts find the numerosity

22  requirement satisfied when a class includes at least 40 members.  See Jordan v. Los

23  Angeles County, 669 F.2d 1311, 1319 (9th Cir.), vacated on other grounds, 459 U.S. 810

24  (1982); see also Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 482 (2d Cir.

25  1995) ("numerosity is presumed at a level of 40 members").  Conversely, the Supreme

26  Court has stated that a class of 15 "would be too small to meet the numerosity

27  requirement."  Gen. Tel. Co., 446 U.S. at 330.  Relying on General Telephone, the Ninth

28  Circuit has declined to uphold classes of seven, nine, and ten members.  See Harik v. Cal.

1  Teachers Ass'n, 326 F.3d 1042, 1051 (9th Cir. 2003) ("The Supreme Court has held fifteen

2  is too small.  The certification of those classes must be vacated on numerosity grounds.").

3      In the instant case, Plaintiffs contend that there "are a total of 131 putative class

4  members," which they contend satisfies the numerosity requirement.  Pls.' Mot. at 22.

5  However, Plaintiffs are *not* seeking to certify a nationwide class consisting of 131 present

6  and former IS employees.  As discussed, IS workers employed outside of California are

7  part of the FLSA collective action, not the California class action.  Plaintiffs' request for

8  class certification applies only to the California Class, which is comprised of 14 persons.

9  Id. at 2, 22.  Given the small number of individuals for whom class certification is being

10  sought, the Court finds that Plaintiffs' request to certify a California Class must be rejected

11  due to their failure to satisfy the numerosity requirement.

12      In sum, the Court finds that Plaintiffs have failed to carry their burden of

13  demonstrating that conditional certification of a California Class is appropriate in this case.

14  Although the Court has determined that conditional certification of the Non-California

15  FLSA Class is warranted, the Court cannot preliminarily approve the settlement because it

16  is dependent upon approval of the California Class as well.  See Khoury Decl. Ex. A

17  ¶ G.1.c.  Accordingly, Plaintiffs' motion to conditionally certify a California Class and for

18  preliminary approval must be denied.

19  **III.   CONCLUSION**

20      For the reasons set forth above,

21      IT IS HEREBY ORDERED THAT:

22      1.   Plaintiffs' Motion for Order Granting Preliminary Approval of Class Action

23  Settlement, Conditional Certification, Approval of Class Notice, and Setting of Final

24  Fairness Hearing is DENIED.

25      2.   This Order terminates Docket No. 26.

26      IT IS SO ORDERED.

27  Dated: August 15, 2013

SAUNDRA BROWN ARMSTRONG
United States District Judge