# EXHIBIT 1

*Jones, et al. v. Agilysys, Inc., et al.*
**Case No. CV12-3516 SBA**

**DECLARATION OF ISAM C. KHOURY IN SUPPORT OF MOTION FOR ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION, APPROVAL OF CLASS NOTICE, AND SETTING OF FINAL FAIRNESS HEARING**

## AMENDED SETTLEMENT AGREEMENT

Subject to final approval by the Court, this Settlement Agreement ("Agreement") is between Terrell Jones, Michael Johnson, Derrick Paige, Wilfredo Betancourt, Yolanda McBrayer, and Michael Pierson (collectively "Plaintiffs") and Agilysys, Inc., and Agilysys NV, LLC (collectively, "Defendants").   Plaintiffs and Defendants are referred to in this Agreement as the "Parties."

## I.    DEFINITIONS

In addition to the other terms defined in this Agreement, the terms below have the following meaning:

**A.**    **"Action"** means the lawsuit titled Terrell Jones, Michael Johnson, Derric Paige, Wilfredo Betancourt, Yolanda McBrayer, and Michael Pierson, Plaintiffs v. Agilysys, Inc., and Agilysys NV, LLC, Defendants, filed on July 5, 2012, in United States District Court for the Northern District of California, Case No. CV12-3516 SBA.

**B.**    **"Administration Costs**" means all costs incurred by a Settlement Administrator to administer the claims process in the Actions.

**C.**    "**Agreement**" means this Settlement Agreement.

**D.**    **"Authorized Claimant"** means any Class Member who has returned a dated, signed and timely postmarked Claim Form / FLSA Consent to Join Form.  Each Named Plaintiff is an Authorized Claimant.

**E.**    **"Class" or "Class Members"** means all employees of Defendants employed in a Covered Position at any time during the period from July 5, 2009 through March 4, 2013.

**F.**     "**Class Counsel" or "Plaintiffs' Attorneys**" -  means Michael David Singer, Isam Charles Khoury, Diana Marie Khoury and James Jason Hill of Cohelan Khoury & Singer, 605 C Street, Suite 200, San Diego, CA 92101; and Brian Doster Chase and Jerusalem Beligan of Bisnar | Chase, One Newport Plaza, 1301 Dove St., Suite 120, Newport Beach, CA 92660.

**G.**    "**Class Counsel Fees Payments" and "Class Counsel Litigation Expenses Payments"** mean the amount awarded to Class Counsel to compensate them for their fees and expenses, including their pre-filing investigation, their filing of the Action, and all related litigation activities, this Settlement, and all post-Settlement compliance procedures.

**H.**    "**Class List**" means the list of Class Members that Defendants will diligently and in good faith compile from its records and provide to the Settlement Administrator.  The Class List will be formatted as a Microsoft Office Excel spreadsheet and will include the following for each Class Member: full name, last known address and telephone number to the extent available in Defendants' business records; social security number; dates of employment, identification of the Covered Positions worked during the

relevant Class Period, and any other information the Parties agree is necessary to calculate each Class Member's Settlement Payment.

I.      "**Class Period**" means the period of time from July 5, 2009 through March 4, 2013.

J.      "**Claim Form / FLSA Consent to Join Form**" or "**Claim Form**" means the form for use by all Class Members who wish to participate in the Settlement to receive their respective shares of the Settlement proceeds, and by doing so, shall be deemed to have consented to join this Action pursuant to 29 U.S.C. § 216(b) and to consent to all releases of claims described in the Class Released Claims, in a form substantially similar to **Exhibit "B"**, attached hereto and incorporated herein by this reference.

K.      "**Class Released Claims**" or "**Released Claims**" means any and all actions, causes of action, grievances, obligations, costs, expenses, damages, losses, claims, liabilities, suits, debts, demands, and benefits (including attorneys' fees and costs actually incurred), of whatever character, in law or in equity, known or unknown, asserted, whether in tort, contract, or for violation of any state or federal statute, rule or regulation, including state or federal wage and hour laws, whether for economic damages, non-economic damages, restitution, penalties, or liquidated damages <u>arising out of or related</u> to the claims and facts asserted in the Action including, without limitation, claims based on the allegations in the First Amended Complaint for failure to pay overtime in violation of the FLSA, 29 U.S.C. §§ 201-219

L.      "**Class Representatives**" or "**Named Plaintiffs**" means Terrell Jones, Michael Johnson, Derrick Paige, Wilfredo Betancourt, Yolanda McBrayer, and Michael Pierson.

M.      "**Class Representative Payment**" means the special payments made to the Class Representatives, in addition to their Settlement Payments pursuant to the terms of the Settlement, to compensate them for initiating the Action, performing work in support of the Action, and undertaking the risk of liability for attorneys' fees and expenses in the event they were unsuccessful in the prosecution of the Action.

N.      "**Complaint**" refers to Plaintiffs' putative collective and class action complaint against Defendants filed on July 5, 2012, in the United States District Court for the Northern District of California, Case No. CV12-3516.

O.       "**Covered Positions**" means the  positions in which the Named Plaintiffs were employed by Defendants at any time during the relevant Class Period, e.g., (1) Application Support Specialist HS, (2) Application Support Specialist Sr. HS, (3) Installation Specialist HS, (4) Installation Specialists Sr. HR, (5) Remote Services Engineer I HS, (6) Solutions Engineer HS, or (7) Team Leader Installation HS.

P.      "**Defendants**" means Agilysys, Inc., and Agilysys NV, LLC.

Q.      "**Defendants' Counsel**" means Francis J. Ortman III, of Seyfarth Shaw LLP.

2

R.    "**Effective Final Settlement Date**" means the earliest of the following events:

1.    the entry of the final approval order if there are no objections filed by any Class Member;

2.    the expiration of the time for filing an appeal if there are any objections filed by any Class Member;

3.    the conclusion of any appeal taken if there are any objections filed by any Class Member; or

4.    the withdrawal of the last objection to the Settlement;

Notwithstanding the foregoing, any proceeding, order, or appeal pertaining solely to the payment of attorneys' fees or costs will not, by itself, in any way delay or preclude the Effective Final Settlement Date.

S.    "**Final Approval Hearing**" means the hearing by the Court to determine whether to give final approval to and implement the terms of this Agreement.

T.    "**Gross Settlement Amount**" or "**GSA**" means the maximum amount of One Million Four Hundred Seventy-Eight Thousand Eight Hundred Nineteen Dollars ($1,478,819.00), plus the employer's share of withholding taxes on that portion of the Net Settlement Amount allocated to wages--that Defendants can be obligated to pay under this Agreement.  The GSA is non-reversionary with no portion reverting to Defendants.

U.    "**Net Settlement Amount**" or "**NSA**" means the Gross Settlement Amount, minus (i) the court approved Class Representative Payments; (ii) the court-approved Class Counsel Fees Payment and the Class Counsel Litigation Expenses Payment; (iii) the court-approved Settlement Administrator's fees and expenses; and (iv) any other fees or expenses (other than attorneys' fees and expenses) incurred in implementing the terms and conditions of this Agreement.

V.    "**Notice of Class Action Settlement**" or "**Class Notice**" means the Notice of Class Action Settlement, Your Rights, and Options to Consider, to be sent to all Class Members to inform them of the Action, the proposed Settlement and instructions to file a Claim, comment and/or Object to the Settlement substantially similar to the form attached as **Exhibit "A"** and incorporated herein by reference to this Agreement.

W.    "**Notice Packet**" means collectively the (1) Class Notice; (2) Claim Form/FLSA Consent to Join Form; and (3) preprinted, postage paid return envelope to be mailed to all Class Members.

X.    "**Preliminary Approval of the Settlement**" means the Court's preliminary approval of the Settlement.

Y.    "**Preliminary Approval and Provisional Certification Order**" means an order evidencing preliminary court approval of the Settlement.

3

**Z.** **"Releasees" or "Released Parties"** means Agilysys, Inc. and Agilysys NV, LLC., their parent companies, subsidiaries (whether partial or full), partners, affiliates, and divisions, and all of their respective employees, officers, directors, agents, owners (whether stockholders, partners, or members), managers, attorneys, auditors, accountants, insurers, indemnitors, representatives, predecessors, successors, assigns, company sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees, and agents.

**AA.** "**Settlement**" or "**Settlement Agreement**" means the disposition of the Action and all related claims effectuated by this Agreement.

**BB.** **"Settlement Administrator"** or **"Claims Administrator"** means a third-party administrator agreed upon by the Parties to administer the Settlement.

**CC.** "**Settlement Payment**" means the amount payable to each Authorized Claimants under the terms of this Settlement Agreement.

**DD.** "**Work Weeks**" means the number of days in between the first date of employment and the last date of employment during the relevant Class Period that each Class Member was employed by Defendants in a Covered Position, divided by seven, and rounded to four decimal places. Workweeks will not include weeks when a Class Member was on a leave of absence, was not working in a Covered Position, was receiving severance payments, or otherwise was not actively employed by Defendants.

## II.   RECITALS

**A.** On July 5, 2012, Plaintiffs filed the Complaint alleging that they were former Agilysys [Installation Specialists] with the primary duty of performing onsite installation of Agilysys software and hardware for Agilysys clients and were misclassified as exempt from the overtime provisions of the FLSA and/or the applicable state wage and hour laws of California, Nevada, Florida, Texas, Colorado, and North Carolina. The Complaint asserts seven claims on behalf of a putative collective action under the Fair Labor Standards Act ("FLSA") and six putative state law classes pursuant to Fed. R. Civ. P. 23, with attendant subclasses, for: (1) failure to pay overtime in violation of the FLSA; (2) failure to pay overtime pursuant to state law; (3) failure to pay premium wages for noncompliant meal and rest periods in violation of California Labor Code §§ 226.7 and 512; (4) failure to timely pay wages upon termination in violation of California Labor Code §§ 201-203; (5) failure to provide accurate wage statements in violation of California Labor Code §§ 226 and 1174; (6) failure to reimburse necessary business expenses in violation of California Labor Code §§ 2802; and (7) unfair competition in violation of California Business & Professions Code § 17200.

**B.** On August 9, 2012, Plaintiffs filed a First Amended Complaint re-asserting the aforementioned claims and adding an eighth cause of action for alleged violations of California's Private Attorney General Act ("PAGA"), California Labor Code § 2699. Plaintiffs' contentions of fact and law in this lawsuit are as set forth in the FAC filed on August 9, 2012, and are incorporated herein by reference.

4

**C.**     Defendants answered the Action by generally and specifically denying all material allegations that Plaintiff had been damaged and is entitled to relief.

**D.**     Between the filing of the case and February 28, 2013, the Parties engaged in substantial investigation and informal discovery in connection with the Action.  Defendants provided extensive documents and thousands of pages of putative class data to Plaintiffs and their counsel to review and analyze.  This information included employment data for the entire putative class, policies and documents relevant to the issues in the litigation, and Plaintiffs' wage statements, expense reports, and personnel files.  Plaintiffs' counsel interviewed their clients regarding their claims.

**E.**     On February 28, 2013, the Parties attended a mediation before Mark S. Rudy at his offices at 351 California Street, Suite 700, San Francisco, California 94104.  During mediation, each side, represented by its respective counsel, recognized the substantial risk of an adverse result and agreed to settle the Action.  On March 4, 2013, the Parties came to an agreement pursuant to a mediator's proposal.

**F.**     On June 6, 2013, Plaintiffs filed a motion for preliminary approval of a class settlement.  The motion asked the Court to approve two settlement classes: (1) a national FLSA collective and (2) a Rule 23 California Class.  On August 15, 2013, the Court denied Plaintiffs' motion on the grounds that the California settlement class failed to satisfy Rule 23's numerosity requirement.

**G.**     On or about October 9, 2013, the Parties agreed to enter into an amended class settlement agreement based on a single nationwide FLSA class.  This Amended Settlement Agreement represents a compromise and settlement of highly disputed claims and defenses since Plaintiffs believe their claims have merit and Defendants believe their defenses have merit.  Nothing in this Agreement shall be construed as an admission by Defendants that the asserted claims have merit or as an admission by Plaintiffs that the defenses asserted by Defendants have merit.

**H.**     Defendants contend that they have complied with all applicable laws, including, but not limited to, those relating to the classification of Plaintiffs as exempt from overtime wages, the payment of wages, expense reimbursement, the provision of meal/rest breaks, and the provision of timely and accurate wage statements.  Defendants dispute all material allegations and all claims for damages and other relief made by Plaintiffs in the Complaint and FAC, or otherwise asserted during the course of the Action.  Defendants do not waive, and in fact expressly reserve, all rights to challenge all such claims and allegations upon all procedural and factual grounds including the assertion of any and all defenses, if for any reason this Settlement is not granted final approval, or if the Effective Final Settlement Date does not occur.

**I.**     The Parties desire to settle, fully and finally, all claims Plaintiffs and the Class might have against Defendants individually, including but not limited to those claims arising out of or relating to Plaintiffs' employment with Defendants and the termination thereof, and including, but not limited to, those claims that have been or could have been asserted in the Action and those claims that could have been asserted in any other claim or complaint

in any other forum.  The Parties further desire to settle all claims on behalf of the Classes Plaintiffs seek to represent.

**J.**     For purposes of this Settlement, the Parties stipulate to conditional certification of the FLSA Collective. If the Court does not grant either preliminary approval or final approval of this Settlement, or if a grant of preliminary or final approval is ultimately overturned on appeal, or if Defendants elect to exercise their option to declare the Agreement void as set forth in Section III.G.8, the Parties' stipulation on class certification will be void and of no further force or effect.

**K.**     Based on the above Recitals, the Parties agree as follows:

## III.     SETTLEMENT TERMS AND CONDITIONS

**A.**     **Gross Settlement Amount**.  Subject to the terms and conditions of this Agreement, the maximum Gross Settlement Amount that Defendants shall be obligated to pay under this Settlement Agreement is One Million Five Hundred Three Thousand Eight Hundred Twenty Dollars  ($1,503,820), plus the employer's share of withholding taxes on that portion of the Net Settlement allocated to wages.

**B.**     **Number of Work Weeks.**  Based on a review of Defendants' business and personnel records, Defendants have certified the total number of Work Weeks for the 131 Class Members at 12,973.

**C.**     **No Contribution to Employee Benefit Plans.  N**one of the amounts paid under this Agreement constitutes compensation under any "Employee Benefit Plan" as defined by section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"); Plaintiffs and Class Members waive any and all claims for additional contributions to and/or benefits under any Employee Benefit Plan maintained or sponsored by Defendants based on any amount paid under this Agreement; and release any claim for employee benefits, including any claim arising under ERISA arising out of, or related to, the amounts paid under this Agreement.

Defendants will not use the Settlement Payments to Authorized Claimants to calculate eligibility for, or calculation of, any employee benefits (e.g., vacation, pay, retirement plans, etc.) of the Named Plaintiffs or Authorized Claimants, and Defendants will not modify the Authorized Claimants' or Named Plaintiffs' previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare plan sponsored by Defendants.

**D.**     **Settlement Payment.**  Subject to the terms and conditions of this Agreement, the Settlement Administrator will pay a Settlement Payment from the Net Settlement Amount to Authorized Claimants, i.e., Class Members who return dated, signed and timely postmarked Claim Form on the following basis:

      **1.**     **Calculation and Estimated Work Week Pay Rate**.

            **a.**     **Class Member Settlement Payment Calculation.** The Net Settlement Amount shall be allocated for distribution

6

to all Class Members.  The amount allocated for each individual Class Member will be based on (a) the individual Class Member's total number of Work Weeks in a Covered Position (b) divided by the aggregate number of Work Weeks of all members of the Classes (with the division rounded to four decimal places) (c) multiplied by the value of the Net Settlement Amount.

**b.**     **Work Week Pay Rate.**  The NSA is estimated to be **$1,037,614.25**.  Based on the formula referenced above, Class Members can expect to receive an estimated **$79.98**, less taxes, for each week worked during the Class Period.  Allocation of the payments specified in this section for tax purposes is set forth in Section III.D.2 of this Agreement.

**c**.     The above-referenced estimated Work Week pay rate is subject to vary depending upon the amounts approved by the Court for Class Counsels' Fees Payment and Litigation and Expenses, Class Representative Payments, and Claims Administration Expenses and upon the number of Class Members who do not participate in the Settlement.  As the NSA is non-reversionary, all unclaimed shares of the NSA will be reallocated to Authorized Claimants on a proportionate basis.  No portion of the GSA or the NSA will revert to Defendants under the terms of this Agreement.

**2.**     **Withholding for Authorized Claimants**.

**a.**     Thirty-three percent (67%) of each Settlement Payment specified above in Section III.D.1 is intended to settle each Authorized Claimant's claims for unpaid wages (the "Wage Portion").  The Wage Portion will be reduced by applicable payroll tax withholdings and deductions; the employer's share of legally required payroll taxes for the Wage Portion will be paid to the Settlement Administrator by Defendants in addition to the GSA; the Settlement Administrator will issue an IRS Form W-2 with respect to the Wage Portion withheld from each Authorized Claimant who submits a valid and timely Claim Form.

**b.**     Thirty-three percent (33%) of the Settlement Payment specified above in Section III.D.1 is intended to settle each Authorized Claimant's claims for interest and penalties.  This portion will not be reduced by payroll tax withholding and deductions.  The Settlement Administrator will issue to each Authorized Claimant who submits a valid and timely Claim Form, an IRS Form 1099 with respect to this portion of his/her Settlement Payment.

**3.**     **Effect of Non-Participating Class Members.**

Class Members who do not return a valid and timely Claim Form

7

will not receive a Settlement Payment, and will not be bound by the Release of Claims and subsequent judgment.

E. **Settlement Payments.**  Subject to the terms and conditions of this Agreement, the Settlement Administrator will make the payments from the Gross Settlement Amount as follows:

1. **To The Named Plaintiffs/Class Representatives:**  In addition to their Settlement Payments, and subject to the Court's approval, Plaintiffs Terrell Jones, Michael Johnson, Derrick Paige, Wilfredo Betancourt, Yolanda McBrayer and Michael Pierson will each receive up to $5,000 as a Class Representative Payment, for an aggregate of up to $30,000.00.  Defendants will not oppose an application for a Class Representative Payment in the above-referenced amounts.  The Settlement Administrator will pay the Class Representative Payment in the amount approved by the Court.  Payroll tax withholding and deductions will not be taken from the Class Representative Payment.  An IRS Form 1099 will be issued to each of the Named Plaintiffs/Class Representatives with respect to the Class Representative Payment awarded.  In the event the Court does not approve the entirety of the application for the Class Representative Payment and is less than the amount requested by Plaintiffs, the difference shall become part of the NSA and be available for distribution to Class Members who are Authorized Claimants.

2. **To Class Counsel:**  Class Counsel will apply to the Court for, and Defendants agree not to oppose, a total award of not more than $369,704.75 or rather 25% of the GSA for Class Counsel Fees and a total award of an estimated $25,000 for Class Counsels' Litigation Expenses.  The Settlement Administrator will pay the court-approved amounts for Class Counsel Fees and Litigation Expenses out of the Gross Settlement Amount. Payroll tax withholding and deductions will not be taken from the Class Counsel Fees Payment or the Class Counsel Expenses Payment.  IRS Forms 1099 will be issued to Class Counsel with respect to these payments.  In the event the Court awards less than the amounts requested by Class Counsel for fees and/or costs, the difference shall become part of the NSA and be available for distribution to Authorized Claimants.

3. **To the responsible tax authorities.**  The Administrator will pay to the responsible tax authorities the payroll withholding taxes normally borne by employees for payments of wages.  The amount of the employees' portion of normal payroll withholding taxes shall be paid by the Administrator out of the Net Settlement Amount.  The amount of the employer's share of payroll taxes on the portion of the Settlement Payments allocated to wages shall be paid separately and in addition to the GSA to the Administrator by Defendants.  The Administrator will pay the employer's share of payroll taxes to the responsible tax authorities.

4. **To the Settlement Administrator.**  The Settlement Administrator will pay to itself reasonable fees and expenses estimated to be

8

$16,500 as approved by the Court.  This will be paid out of the Gross Settlement Amount.

5.    **To all Authorized Claimants.**  The Settlement Administrator will pay Authorized Claimants according to the Settlement Payment calculations set forth above.  All payments to Authorized Claimants shall be made from the Net Settlement Amount.  Unclaimed shares of the NSA shall be redistributed on a proportionate basis to all Authorized Claimants thereby exhausting the NSA.

F.    **Appointment of Settlement Administrator.**  The Parties will ask the Court to appoint Rust Consulting as the Settlement Administrator, which, as a condition of appointment, will agree to be bound by this Agreement with respect to the performance of its duties and its compensation.

The Settlement Administrator's duties will include establishing a toll-free 800 number for use by Class Members, and a U.S. Post Office box for the return of Class Member communications and Forms; conducting a National Change of Address database search of Class Member addresses before original mailing to the Class; preparing, printing, and mailing the Classes' Notice Packets; conducting skip-traces on any Notice Packet returned by the U.S. Postal Service as non-deliverable; re-mailing the Notice Packet to the Class Member's new address; receiving completed Claim Form, and other communications from Class Members; providing the Parties with weekly status reports about the delivery of Class Notice Packets and receipt of Claim Forms; preparing its declaration for submission to the Court on final approval; calculating individual Settlement Payments; issuing the checks to effectuate the payments due under this Settlement; issuing the tax reports required under this Settlement; and otherwise administering the Settlement pursuant to this Agreement.  The Settlement Administrator will have the final authority to resolve all disputes concerning the calculation of an Authorized Claimant's Settlement Payment subject to the terms set forth in this Agreement.

G.    **Procedure for Approving Settlement**.

1.    **Motion for Conditional Certification and Preliminary Approval**.

a.    Plaintiffs will move for an order conditionally certifying the Class for settlement purposes only, giving Preliminary Approval of the Settlement, setting a date for the Final Approval Hearing, and approving the Class Notice and Claim Form, (the "Motion for Preliminary Approval").

b.    At the hearing on the Motion for Preliminary Approval, the Parties will jointly appear, support the granting of the motion, and submit an order granting conditional certification of the Class and preliminary approval of the Settlement in a form substantially similar to **Exhibit "C",** as approved by the Court, appointing Class Representatives, Class Counsel, and Settlement Administrator; approving the form of the Notice and other Class documents; and setting the Final Approval Hearing.

       c.      Should the Court decline to conditionally certify the Settlement Class or to preliminarily approve all material aspects of the Settlement, the Settlement will be null and void and the Parties will have no further obligations under it.

**2.**    **Notice to Class Members.**  After the Court enters its order granting Preliminary Approval of the Settlement, every Class Member will be provided with the a Notice Packet in accordance with the following procedure:

       a.      Within five (5) business days after entry of an order granting Preliminary Approval of the Settlement, Defendants shall deliver to the Settlement Administrator a list of all Class Members.  The list will include the following information for each Class Member:  his or her name; last known mailing address and telephone number; first and last dates of employment, the number of Work Weeks worked during the relevant Class Period in a Covered Position, and social security number.

       b.      Within fifteen (15) business days after entry of an order granting Preliminary Approval of the Settlement, the Settlement Administrator will mail the Class Notice Packets to all identified Class Members via first-class regular U.S. Mail using the mailing address information provided by Defendants, unless modified by any updated address information that the Settlement Administrator obtains in the course of administration of the Settlement.

       c.      If a Notice Packet is returned because of an incorrect address, within ten (10) days from receipt of the returned packet, the Settlement Administrator will search for a more current address for the Class Member and re-mail the Notice Packet to the Class Member.  The Settlement Administrator will use the National Change of Address Data Base to attempt to find the current address.  The Settlement Administrator will be responsible for taking reasonable steps to trace the mailing address of any Class Member for whom a Notice Packet is returned by the U.S. Postal Service as undeliverable.  These reasonable steps shall include, at a minimum, the tracking of all undelivered mail; performing address searches for all mail returned without a forwarding address; and promptly re-mailing to Class Members for whom new addresses are found.  If the Notice Packet is re-mailed, the Settlement Administrator will note for its own records the date and address of each such re-mailing.

       d.      The Settlement Administrator shall provide a weekly status report to the Parties.  As part of its weekly status report, the Settlement Administrator will inform Class Counsel and Counsel for Defendants of the number of Notice Packets mailed, the number of Notice Packets returned as undeliverable, and the number of Notice Packets re-mailed.

e.      No later than twenty-one (21) days before the Final Approval Hearing, the Settlement Administrator will serve on the Parties a declaration of due diligence setting forth its compliance with its obligations under this Agreement.  The declaration from the Settlement Administrator shall be filed with the Court by Class Counsel no later than fourteen (14) days before the Final Approval Hearing.  Before the Final Approval Hearing, the Settlement Administrator will supplement its declaration of due diligence if any material changes occur from the date of the filing of its prior declaration.

**3.      Claims Process.**

a.      All Class Members shall have sixty (60) calendar days from the mailing of the Notice Packet to return a valid and timely Claim Form to receive a Settlement Payment.  No Claim Form will be honored if postmarked after the deadline to submit claims, except as otherwise mutually agreed upon by the Parties or ordered by the Court.  The postmark date will be deemed the date of submission.

b.      If a Class Member submits a timely Claim Form to the Settlement Administrator which is deficient in some material respect (for example, the Class Member failed to sign it), the Settlement Administrator will notify the claimant in writing of the basis for the deficiency and give the claimant a reasonable opportunity to cure the deficiency, including a follow-up telephone call, if necessary.  The Claims Administrator will also provide the claimant with Class Counsel's contact information in case the claimant wishes to seek Class Counsel's assistance.  The Claims Administrator shall attempt to obtain a cure of the deficiency prior to the Final Approval Hearing.

c.      Thirty (30) days after the initial mailing of the Notice Packets, the Claims Administrator will send a reminder postcard to all Class Members who have not by that date returned a Claim Form.  The reminder postcard will notify Class Members of the deadline date to submit a valid and timely Claim Form and will provide contact information for the Claims Administrator to request another Notice Packet or to have any questions answered.  The postcard will also state that Defendants will not retaliate against any Class Member who chooses to make a claim.

**4.      Objections to Settlement.**  The Class Notice will provide that Class Members who wish to object to the Settlement must do so in a writing, which must be filed with the Court and served on all Parties postmarked no later than sixty (60) days after the Settlement Administrator first mails the Class Notice Packet.  The timeframe to submit an objection will not be increased for returned mailings.

a.      **Format.**  Any Objections shall state: (a) the objecting

11

person's full name, address, and telephone number; (b) the words "Notice of Objection" or "Formal Objection"; (c) describe, in clear and concise terms, the legal and factual arguments supporting the objection; and (d) list identifying witness(es) the objector may call to testify at the fairness hearing and (e) provide true and correct copies of any exhibit(s) the objector intends to offer at the fairness hearing. The objection will not be valid if it objects only to the appropriateness of the Actions or their merits.

**b.**      **Notice of Intention to Appear**. Class Members who timely file valid objections to the Settlement may appear at the Final Approval Hearing either in person or through the objector's own counsel, provided the objector has notified Class Counsel and Defendant's Counsel of his/her intention to appear at the Final Approval Hearing at the time he/she submits his/her written objections no later than 60 days after the Claims Administrator first mails the Notice Packets to the Class.

**5.**      **Dispute Resolution Procedure.** If a Class Member disputes the number of Work Weeks or dates of employment inserted in the individualized Claim Form, that Class Member must indicate the correct dates of employment and/or number of weeks worked, and any information or documentation which supports their belief, and must date, sign and timely postmark the Claim Form no later than sixty (60) days after the Settlement Administrator first mails the Class Notice.

The timeframe to submit a dispute will not be increased for returned mailings. In the event of a dispute, Defendants will review its records to verify the correct number of Work Weeks and/or employment dates. Defendants' records will have a rebuttable presumption of correctness. After consultation with Class Counsel, the Class Member and Defendants, the Settlement Administrator will make a determination of the Class Member's number of Work Weeks and/or employment dates and that determination will be final, binding on the Parties and the Class Member, and non-appealable.

**6.**      **No Solicitation of Objection.** Neither the Parties nor their respective counsel will solicit or otherwise encourage directly or indirectly any Class Member to not submit a Claim Form/FLSA Consent to Join form, object to the Settlement, or to appeal from the Judgment.

**7.**      **Additional Briefing and Final Approval**.

**a.**      Class Counsel will file unopposed motions and memorandums in support thereof for final approval of the Settlement.

**b.**      Class Counsel will also file fifteen (15) days before the 60-day deadline to file and serve written objections and notices of intention to appear, their application for the following

payments in accord with the terms of the Settlement:  (1) the Class Counsel Fees Payments, (2) the Class Counsel Litigation Expenses Payments, (3) the Administrative Costs, and (4) the Class Representative Payments.

c.   If the Court does not grant final approval of the Settlement or if the Court's final approval of the Settlement is reversed or materially modified on appellate review, then this Settlement will become null and void; if that occurs, the Parties will have no further obligations under the Settlement, including any obligation by Defendants to pay the Gross Settlement Amount or any amounts that otherwise would have been owed under this Agreement.  An award by the Court of a lesser amount than that sought by Plaintiffs and Class Counsel for the Class Representative Payments, the Class Counsel Fees Payments, or the Class Counsel Litigation Expenses Payments, will not constitute a material modification to the Settlement within the meaning of this paragraph.

d.   Upon final approval of the Settlement by the Court, the Parties shall present to the Court a proposed Order Approving Class Settlement and entering Judgment in accordance therewith.  After entry of the Judgment, the Court shall have continuing jurisdiction over the Litigation for purposes of (i) enforcing this Settlement Agreement, (ii) addressing settlement administration matters, and (iii) addressing such post-Judgment matters as may be appropriate under Court rules or applicable law.

e.   The Court's determination on the Class Counsel Fees Payments and Litigation Expenses Payments, Administrative Costs to the Settlement Administrator, and the Class Representative Payments shall be final and binding, and that the Court's approval or denial of any amount requested for these items are not conditions of this Settlement Agreement, and are to be considered by the Court separate and apart from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to an application for the Class Counsel Fees, Class Counsel Litigation Expense Payments, Settlement Administrator Costs, and Class Representative Payments shall not operate to terminate or cancel this Settlement Agreement.  But nothing in this Agreement shall limit Plaintiffs' or Class Counsel's ability to appeal any decision by the Court to award less than the requested Class Counsel Fees Payments, Litigation Expense Payments, Settlement Administrative Costs and Class Representative Payments.

8.   **Waiver of Right to Appeal.**  Provided that the Judgment is consistent with the terms and conditions of this Agreement, if  Class Members do not timely object to the Settlement in the manner set forth in this Agreement and Notice, then the Parties, and their respective counsel waive any and all rights to appeal from the

Judgment, including, but not limited to, all rights to any post-judgment proceeding and appellate proceeding, such as a motion to vacate or set aside judgment, and any extraordinary writ, and the Judgment will become non-appealable at the time it is entered. The waiver of appeal does not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings. This paragraph does not preclude Plaintiffs or Class Counsel from appealing from a refusal by the Court to award the full Class Representative Payments, the Class Counsel Fees Payments, or the Class Counsel Litigation Expenses Payments sought by them. If an appeal is taken from the Judgment, the time for consummation of the Settlement (including making payments under the Settlement) will be suspended until such time as the appeal is finally resolved and the Judgment becomes final.

9. **Vacating, Reversing, or Modifying Judgment on Appeal.** If, after a notice of appeal, the reviewing court vacates, reverses, or modifies the Judgment such that there is a material modification to the Settlement, and that court's decision is not completely reversed and the Judgment is not fully affirmed on review by a higher court, then this Settlement will become null and void and the Parties will have no further obligations under it. A vacation, reversal, or modification of court awarded Class Representative Payments or the Class Counsel Fees and Expenses Payments will not constitute a vacation, reversal, or material modification of the Judgment within the meaning of this paragraph. A material modification would include, but not necessarily limited to, any alteration of the Gross Settlement Amount, an alteration in the calculation of the Net Settlement Amount, and any change to the calculation of the Settlement Payment.

10. **Funding and Disbursement of Gross Settlement Amount**.

   a. Within seven (7) business days of the Effective Final Settlement Date, Defendants will deliver to the Settlement Administrator the Gross Settlement Amount plus the employer-sided taxes as calculated by the Claims Administrator.

   Within ten (10) business days of the Effective Final Settlement Date, the Settlement Administrator will pay the following:

   (1) to each Named Plaintiff / Class Representative, the Court-awarded Class Representative Payment;

   (2) to Class Counsel, the Court-awarded Class Counsel Fees Payment and the Court-awarded Class Counsel Litigation Expense Payment;

   (3) to the responsible tax authorities, the employer share of payroll taxes resulting from this Settlement;

14

(4)     to the Settlement Administrator, its reasonable fees and expenses as approved by the Court; and

(5)     to Authorized Claimants, their respective Settlement Payments as calculated by the Claims Administrator.

11.     **Uncashed Settlement Payment Checks.**  Authorized Claimants must cash or deposit their Settlement Payment checks within 120 calendar days after the checks are mailed to them.  If any checks are not redeemed or deposited within 90 days after mailing, the Settlement Administrator will send a letter indicating that unless the check is redeemed or deposited in the next thirty (30) days, it will expire and become non-negotiable, and offer to replace the check if it was lost or misplaced.  If any checks remain uncashed or not deposited by the expiration of the 30-day period after mailing of the reminder notice, the Settlement Administrator will pay the funds represented by such un-redeemed checks and any sums arising due to a reversal of employee taxes, to Workplace Fairness, (www.workplacefairness.org), a non-profit organization working to preserve and promote employee rights, nationally and in all 50 states.

In the event of uncashed checks, the Authorized Claimants will nevertheless be bound by the terms and releases of this Settlement and subsequent judgment.

12.     **Final Report by Settlement Administrator.**  Within ten days after final disbursement of all funds, the Settlement Administrator will serve on the Parties a declaration providing a final report on the disbursements of all funds, which will be submitted to the Court for filing.

H.     **Release of Claims**.

1.     **Plaintiffs / Class Representatives:  General Release.**  In addition to the releases in Section III.H.2., below, and in consideration for the promises made by Defendants in this Agreement, Plaintiffs Terrell Jones, Michael Johnson, Derrick Paige, Wilfredo Betancourt, Yolanda McBrayer, and Michael Pierson do hereby, for themselves and for their heirs, representatives, attorneys, executors, administrators, successors, and assigns – release, acquit, and forever discharge Defendants and all past, present and future owners, affiliates, related companies, subsidiaries, divisions, and parents, and their members, managers, investors, shareholders, officers, directors, partners, servants, agents, employees, representatives, attorneys, and insurers, and all persons acting under, by, through, or in concert with any of them, and each of the Released Parties, from any and all actions, causes of action, grievances, obligations, costs, expenses, damages, losses, claims, liabilities, suits, debts, demands, and benefits (including attorneys' fees and costs actually incurred), of whatever character, in law or in equity, known or unknown, suspected or unsuspected, matured or unmatured, of any kind or nature whatsoever, based on any act, omission, event, occurrence, or nonoccurrence from the beginning of time to the date of execution of

15

this Agreement, including, but not limited to, any claims or causes of action arising out of or in any way relating to any of Plaintiffs' employment relationship, or the termination of any employment relationship, with any of the Released Parties, or the termination of any of Plaintiffs' employment relationship with any of the Released Parties.

Plaintiffs / Class Representatives agree that this release of claims includes, but is not limited to, claims for breach of any implied or express contract or covenant; claims for promissory estoppel; claims of entitlement to any pay; claims for failure to reimburse expenses, claims of wrongful denial of insurance and employee benefits; claims for wrongful termination, public policy violations, defamation, invasion of privacy, emotional distress or other common law or tort matters; claims of harassment, retaliation, or discrimination under federal, state, or local law; claims based on any federal, state, or other governmental statute, regulation or ordinance, including, without limitation, Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the California Fair Employment & Housing Act, the California Family Rights Act, the California Labor Code, the Fair Labor Standards Act, and the Employee Retirement Income Security Act. Excluded from this release are any claims that cannot be waived by law.

For the purpose of implementing a full and complete release, Plaintiffs expressly acknowledge that the release they give in this Agreement is intended to include in its effect, without limitation, claims that they did not know or suspect to exist in his favor at the time of the execution of this Agreement, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under the Agreement was also for the release of those claims and contemplates the extinguishment of any such unknown claims. Plaintiffs expressly waive the provisions of Section 1542 of the Civil Code of California (and all similar laws of other jurisdictions), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs understand and agree that they: a) have had a reasonable time within which to consider this Settlement Agreement before executing it; b) hereby are advised by Defendants in writing to consult with their attorneys before executing this Settlement Agreement; c) have discussed this Agreement with their attorneys; d) have carefully read and fully understand all of the provisions of this Settlement Agreement, including the fact that this Settlement Agreement contains a full release of all claims; e) knowingly and

voluntarily agree to all of the terms set forth in this Settlement Agreement; and f) knowingly and voluntarily intend to be legally bound by the same.

2.    **Release by Class Members (the "Class Released Claims").**  All Class Members who return a FLSA Consent Form hereby--for themselves and for their heirs, representatives, attorneys, executors, administrators, successors, and assigns – release, acquit, and forever discharge the Released Parties from the Class Released Claims, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 201-209.

3.    The Parties' intent in entering into this Agreement is to release Defendants and any of the Class Released Parties from the Released Claims.

I.    **Miscellaneous Terms**.

1.    **Neutral Job Reference**.

Should a prospective employer of Named Plaintiffs contact the Director of Human Resources at (770) 810-7936 or (877) 374-4783 for an employment reference, Defendants shall disclose only Plaintiffs' dates of employment and job position(s).

2.    **No Admission of Liability or Class Certification for Other Purposes**.

a.    Defendants Agilysys, Inc., and Agilysys NV, LLC, deny that they have engaged in any unlawful activity, have failed to comply with the law in any respect, have any liability to anyone under the claims asserted in the Actions, or that but for the Settlement, the Classes should be certified in the Action.  This Agreement is entered into solely for the purpose of compromising highly disputed claims.  Nothing in this Agreement is intended or will be construed as an admission by Defendants of liability or wrongdoing, or an admission by Plaintiffs that any of their claims were non-meritorious or any defenses to their claims were meritorious.  This Settlement and the fact that Plaintiffs and Defendants were willing to settle the Action will have no bearing on, and will not be admissible in connection with, any litigation (other than solely in connection with the Settlement).

b.    The Parties have agreed to class certification for the sole purpose of effectuating this Settlement.  Should the Settlement be voided by Defendants under this Agreement, or not approved by the Court, or should the judgment regarding the settlement not become final, the fact that the Parties were willing to stipulate to class certification as part of the Settlement will have no bearing on, and will not be admissible in connection with, the issue of whether a class should be certified in a non-settlement context in the Action, or any other action, and in any of those events Defendants expressly reserve the right to oppose class certification.

17

c.    Whether or not the settlement set forth in this Agreement becomes final, neither the Settlement, this Agreement, any document, statement, proceeding or conduct related to the Settlement or the Agreement, nor any reports or accounting of those matters, will be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Defendants or any other beneficiary of the Released Parties including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against any of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating the Settlement pursuant to this Agreement.

d.    This section and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of this Agreement or in defense of any claims released or barred by this Agreement.

3.    **Integrated Agreement.**  After this Agreement is signed and delivered by all Parties and their counsel, this Agreement and its exhibits will constitute the entire agreement between the Parties relating to the Settlement, and it will then be deemed that no oral representations, warranties, covenants, or inducements have been made to any party concerning this Agreement or its exhibits other than the representations, warranties, covenants, and inducements expressly stated in this Agreement and its exhibits.

4.    **Attorney Authorization.**  Class Counsel and Defendants' Counsel warrant and represent that they are authorized by Plaintiffs and Defendants, respectively, to take all appropriate action required or permitted to be taken by such Parties under this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement this Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the Parties will seek the assistance of the Court.

5.    **Modification of Agreement.**  This Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Parties or their successors-in-interest.

18

6.      **Agreement Binding on Successors.**  This Agreement will be binding upon, and inure to the benefit of, the successors of each of the Parties.

7.      **No Prior Assignment**.  Plaintiffs hereby represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged.  The Claims Administrator shall be empowered and obliged to disregard any assignment, whether voluntary or involuntary, unless written notice of that assignment is served on Class Counsel, Defendants' Counsel, and the Claims Administrator via certified mail, return receipt requested, no later than five calendar days prior to the date of Final Approval Hearing.

8.      **Applicable Law.**  All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of California, without giving effect to any conflict of law principles or choice of law principles.

9.      **Cooperation in Drafting.**  The Parties have cooperated in the drafting and preparation of this Agreement.  This Agreement will not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

10.     **Fair Settlement.**  The Parties and their respective counsel believe and warrant that this Agreement reflects a fair, reasonable, and adequate settlement of the Action and have arrived at this Agreement through arms-length negotiations, taking into account all relevant factors, current and potential.

11.     **No Press Release.**  Plaintiffs and Class Counsel, and their representatives or agents, agree that they will not make defamatory comments concerning Defendants, their employees or agents, products, methods of doing business, or employment practices. Plaintiffs and Class Counsel will not make any public disclosure of the Settlement until after the Settlement is preliminarily approved by the Court.  Class Counsel will take all steps necessary to ensure Plaintiffs are aware of, and will encourage them to adhere to the restriction against any public disclosure of the Settlement until after the Settlement is preliminarily approved by the Court.  Plaintiffs and Class Counsel shall not at any time initiate any press release or initiate any contact with the media nor shall they respond to inquiries from the media with respect to the settlement with Defendants, other than to confirm that information is available through public records. Class Counsel may, however, reference on their web site(s) the case name, case number, a one sentence summary of the claims alleged in the Complaint, and may indicate that the case was "resolved" or "settled" without specifying the Gross Settlement Amount.  None of these prohibitions on public comment shall prohibit Class Counsel's communications with the Court as necessary to finalize the Settlement.

12.    **No Tax or Legal Advice.**  The Parties understand and agree that the Parties are neither providing tax or legal advice, nor making representations regarding tax obligations or consequences, if any, related to this Agreement, and that Class Members will assume any such tax obligations or consequences that may arise from this Agreement, and that Class Members shall not seek any indemnification from the Parties or any of the Released Parties in this regard.  The Parties agree that, in the event that any taxing body determines that additional taxes are due from any Class Member, such Class Member assumes all responsibility for the payment of any such taxes.

13.    **Headings.**  The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

14.    **Notice.**  All notices, demands or other communications given under this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

To Plaintiffs and the Class:

Isam C. Khoury
Diana M. Khoury
J. Jason Hill
COHELAN & KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101
Telephone:    (619) 595-3001
Facsimile:    (619) 595-3000

Brian D. Chase
Jerusalem F. Beligan
BISNAR | CHASE
1301 Dove Street, Suite 120
Newport Beach, CA 92660
Telephone:    (949) 752-2999
Facsimile:    (949) 752-2777

To Defendants:

Francis J. Ortman III
Robb D. McFadden,
SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, CA 90067
Telephone:    (310) 201-1508
Facsimile:    (310) 282-6928

15.    **Execution in Counterpart.**  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them will be deemed to be one and the same instrument provided

20

that counsel for the Parties will exchange between themselves original signed counterparts.  Facsimile or PDF signatures will be accepted.  Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

## IV.    EXECUTION BY PARTIES AND COUNSEL

The Parties and their counsel execute this Agreement.


Dated: _October 15,_ , 2013          **TERRELL JONES**

                                      BY: _____


Dated: _10-15_ , 2013                 **MICHAEL JOHNSON**

                                      BY: _____


Dated: _10/16_ , 2013                 **DERRICK PAIGE**

                                      BY: _____


Dated: _10/_ , 2013                   **WILFREDO BETANCOURT**

                                      BY: _____


Dated: _10/17/2013_ , 2013            **YOLANDA MCBRAYER**

                                      BY: _____


Dated: _October, 16_ , 2013           **MICHAEL PIERSON**

                                      BY: _____


21

Dated: __Oct. 18__ , 2013          **AGILYSYS, INC**

By: _____
Name: Kyle Badger
Title: Senior V.P. + General Counsel

Dated: __Oct. 18__ , 2013          **AGILYSYS NV, LLC**

By: _____
Name: Kyle Badger
Title: Senior V.P. + General Counsel

Dated: __Oct. 18__ , 2013          **SEYFARTH SHAW LLP**

By: _____
Francis J. Ortman III
Robb D. McFadden

Attorneys for Defendants
AGILYSYS, INC. and AGILYSYS NV., LLC

Dated: _____ , 2013          **BISNAR | CHASE**

By:_____
Brian D. Chase
Jerusalem F. Beligan

Attorneys for Plaintiffs on behalf of themselves
and all others similarly situated

Dated: _____ , 2013          **COHELAN & KHOURY & SINGER**

By:_____
Diana M. Khoury

Attorneys for Plaintiffs on behalf of themselves
and all others similarly situated

22

Dated: _____, 2013          **AGILYSYS, INC**


                                      By:_____
                                         Name:

                                         Title:

Dated: _____, 2013          **AGILYSYS NV, LLC**


                                      By:_____
                                         Name:

                                         Title:

Dated: _____, 2013          **SEYFARTH SHAW LLP**


                                      By:_____
                                         Francis J. Ortman III
                                         Robb D. McFadden

                                         Attorneys for Defendants
                                         AGILYSYS, INC. and AGILYSYS NV., LLC

Dated: October 15, , 2013             **BISNAR | CHASE**


                                      By:_____
                                         Brian D. Chase
                                         Jerusalem F. Beligan

                                         Attorneys for Plaintiffs on behalf of themselves
                                         and all others similarly situated

Dated: October 15, 2013               **COHELAN & KHOURY & SINGER**


                                      By:_____
                                         Diana M. Khoury

                                         Attorneys for Plaintiffs on behalf of themselves
                                         and all others similarly situated

22

15660378v.4