UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TERRELL JONES, a California resident; MICHAEL JOHNSON, a Florida resident; DERRICK PAIGE, a Texas resident; WILFREDO BETANCOURT, a Nevada Resident; YOLANDA McBRAYER, a former Colorado resident; and MICHAEL PIERSON, a North Carolina resident, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>AGILYSYS, INC., an Ohio corporation; AGILYSYS NV, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No:  C 12-03516 SBA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION, APPROVAL OF CLASS NOTICE AND SETTING OF FINAL FAIRNESS HEARING**<br><br>Docket 30 |

    Plaintiffs Terrell Jones, Michael Johnson, Derrick Paige, Wilfredo Betancourt, Yolanda McBrayer and Michael Pierson (collectively "Plaintiffs") are former employees of Agilysys, Inc., and Agilysys NV, LLC (collectively "Defendants") who allege that they were misclassified as nonexempt employees and not paid overtime wages in violation of state and federal wage and hour laws.  The parties have entered into an Amended Settlement Agreement that resolves Plaintiffs' claim under section 16(b) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b).

    The parties are presently before the Court on Plaintiffs' renewed Motion for Order Granting Preliminary Approval of Class Action Settlement, Conditional Certification, Approval of Class Notice, and Setting of Final Fairness Hearing.  Dkt. 30.  Having read and considered the papers filed in connection with this matter and being fully informed, the

Court hereby GRANTS the motion. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

On July 6, 2012, Plaintiffs filed suit against Defendants in this Court, and subsequently filed a First Amended Complaint ("Amended Complaint") on August 8, 2012. Dkt. 9. The Amended Complaint alleges violations of the FLSA on behalf of a nationwide class as well as violations of the California Labor Code on behalf of a California class. See First Am. Compl. ¶¶ 14-15. Plaintiffs seek to represent Installation Services ("IS") employees who were misclassified as exempt during the time period between July 5, 2009, and March 4, 2013 ("the Class Period").

Following mediation, the parties reached a settlement of their state and federal claims and filed a Motion for Order Granting Preliminary Approval of Class Action Settlement, Conditional Certification, Approval of Class Notice, and Setting of Final Fairness Hearing. Dkt. 26. The Court denied the motion. Dkt. 27. Though finding that Plaintiffs had sufficiently established a basis for conditional certification of a non-California FLSA class, the Court found that they had not satisfied the numerosity requirement for certification of a California class under Federal Rule of Civil Procedure 23 as to Plaintiffs' state law claims. See Jones v. Agilysys, Inc., No. C 12-3516 SBA, 2013 WL 4426504 (N.D. Cal. Aug. 15, 2013).

In response to the Court's order denying their request for preliminary approval, the parties amended their settlement to include only a single, nationwide FLSA class, thereby eliminating the need to certify a separate California class under Rule 23. Dkt. 30. The terms of the amended settlement call for Defendants to pay a Gross Settlement Amount ("GSA") of $1,478,819, which sum includes: (a) attorneys' fees in an amount not to exceed 25% of the GSA; (b) litigation costs estimated at $25,000; (c) Class Representative Payments of up to $5,000 for each of the six named Plaintiffs; and (d) claims administration expenses to Rust Consulting, Inc. ("Rust Consulting"), estimated at $16,500. Khoury Decl. ¶ 35, Dkt. 30-2.

Plaintiffs now seek judicial approval of their amended settlement, provisional certification of a collective action under the FLSA for settlement purposes only[1], the appointment of Plaintiffs as the Class Representatives, the appointment of Plaintiffs' attorneys as Class Counsel, approval as to form and authorization to disseminate Notice to the proposed settlement Class, the appointment of Rust Consulting as the claims administrator, and to set a final approval hearing date.

## II.   DISCUSSION

### A.   JUDICIAL APPROVAL OF FLSA SETTLEMENTS

The FLSA requires employers to pay their employees at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206, and to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week, 29 U.S.C. § 207(a).  To redress violations of the FLSA, § 16(b) of the FLSA authorizes an employee to bring a collective action "on behalf of *similarly situated* employees, but requires that each employee opt-in to the suit by filing a consent to sue with the district court." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1064 (9th Cir. 2000) (citing 29 U.S.C. § 216(b)) (emphasis added).  Only those claimants who affirmatively opt in by providing a written consent are bound by the results of the action. McElmurry v. U.S. Bank Nat. Ass'n, 495 F.3d 1136, 1139 (9th Cir. 2007).

Although the FLSA does not define "similarly situated," most federal courts in this Circuit have adopted a two-tiered approach to make that determination on a case-by-case basis. Hill v. R&L Carriers, Inc., 690 F. Supp. 2d 1001, 1009 (N.D. Cal. 2010).  The first step is the conditional certification or notice stage, at which time the district court assesses whether potential class members should be notified of the opportunity to opt-in to the

---

[1] The Amended Settlement Agreement defines the settlement Class as all employees of Defendants employed in a Covered Position at any time during the period from July 5, 2009 through March 4, 2013.  Khoury Decl. Ex. 1 § I(E), Dkt. 30-3.  "Covered Position" is defined as "the positions in which the Named Plaintiffs were employed by Defendants at any time during the relevant Class Period, e.g., (1) Application Support Specialist HS, (2) Application Support Specialist Sr. HS, (3) Installation Specialist HS, (4) Installation Specialists Sr. HR, (5) Remote Services Engineer I HS, (6) Solutions Engineer HS, or (7) Team Leader Installation HS." Id. § I(O).

action.  Sanchez v. Sephora USA, Inc., No. C 11-3396 SBA, 2012 WL 2945753, at *2 (N.D. Cal. July 18, 2012).  The purpose of conditional certification is to facilitate "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."  Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 171 (1989).  The second step is the final certification stage, which typically occurs following the completion of discovery, and, barring a settlement, is initiated by a motion for decertification by the defendant.  See Hipp v. National Life Ins. Co., 252 F 3d 1208, 1218 (11th Cir. 2001).  If the court finds that the opt-in claimants are similarly situated, the collective action may proceed to judgment.  Id.  If not, the class is decertified and the opt-in plaintiffs are dismissed without prejudice.  Id.

Settlements of private FLSA collective action claims require court approval.  See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  In reviewing an FLSA settlement, the district court's "[o]bligation is not to act as caretaker but as gatekeeper; [rather,] it must ensure that private FLSA settlements are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes."  Goudie v. Cable Commc'ns, Inc., No. CV 08-507-AC, 2009 WL 88336, *1 (D. Or. Jan. 12, 2009).  Although judicial review of a proposed FLSA settlement is not subject to the same requirements as a class action under Rule 23, see Genesis Healthcare Corp. v. Symczyk, 133 S.Ct. 1523, 1529 (2013), some courts have applied Rule 23's procedural framework by analogy as a matter of sound judicial administration, see In re Bank of America Wage and Hour Employment Litig., No. 10-MD-2138-JWL, 2013 WL 6670602, *2 (D. Kan. Dec. 18, 2013) ("Even though Rule 23 does not govern settlements under the FLSA, many courts use Rule 23 factors by analogy when making fairness determinations and the court also looks to those factors in analyzing the parties' agreement here").

### B. CONDITIONAL CERTIFICATION OF A SETTLEMENT CLASS

As noted, the first step in the settlement approval process is to assess whether the named Plaintiffs are "similarly situated" to the putative class.  Earlier in this action the Court determined that Plaintiffs and putative class are similarly situated, and as such,

conditional certification of an FLSA class is appropriate.  <u>Jones</u>, 2013 WL 4426504, *3. The parties' decision to amend their settlement to include the California plaintiffs in the nationwide class does not alter the Court's prior determination, which is hereby incorporated by reference.

   **C.**  **PRELIMINARY APPROVAL OF THE AMENDED SETTLEMENT**

   The next step in the approval process entails a preliminary determination that the settlement constitutes a "fair and reasonable resolution of a bona filed dispute."  <u>Lynn's Food Stores</u>, 679 F.2d at 1353.  "Among the factors relevant to this determination are the course of the negotiations, the existence of any factual or legal questions that place the outcome of the litigation in doubt, the benefits of immediate recovery balanced against litigation, and the parties' belief the settlement is fair."  <u>Khanna v. Inter-Con Sec. Sys., Inc.</u>, No. CIV S-09-2214 KJM GGH, 2012 WL 4465558, *11 (E.D. Cal. Sept. 25, 2012).  The Court also may consider whether the settlement includes an incentive award to the Plaintiffs and the amount of fees to be paid to counsel.  <u>Id.</u>

   Based on the record presented, the Court finds the proposed settlement constitutes a fair and reasonable resolution of a bona fide dispute.  The settlement resulted from arms-length, non-collusive negotiations overseen by a neutral mediator after the parties had exchanged a substantial amount of documents and information.  The non-reversionary settlement constitutes between 30% to 60% of recoverable damages, and affords the 127 putative Class Members a tangible monetary benefit.  In particular, Plaintiffs estimate that each member should receive $79.98 (before taxes) for each week worked during the Class Period.  An employee who worked during the entire Class Period is thus anticipated to receive a gross amount of approximately $15,287.61.  In view of Defendants' continuing denial of liability and assertion that it would have vigorously defended the action had Plaintiffs litigated further, the Court finds that the settlement represents a reasonable result, particularly in light of the risks and delay inherent in further prosecution of the action.

   With regard to proposed fee award, the settlement permits Class Counsel to seek the recovery of fees based on 25% of the gross settlement amount.  That amount is consistent

with the Ninth Circuit's "benchmark" in common fund cases. See In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011).[2]  With regard to the proposed Class Representative Payments, the amount sought for each Plaintiff also is presumptively reasonable.  See e.g., Jacobs v. California State Auto. Ass'n Inter-Ins. Bureau, No. C 07-0362 MHP, 2009 WL 3562871, *5 (N.D. Cal. Oct. 27, 2009) (noting that "a $5,000 [incentive] payment is presumptively reasonable").  However, the Court notes that Plaintiffs are seeking $5,000 *for each of them*, and questions whether all six named Plaintiffs have sufficiently contributed to the litigation to warrant that amount.  Ultimately, the Court need not resolve the matter at the preliminary approval stage, since this request will be finally determined in connection with the final approval process.

Accordingly, the Court preliminarily approves the proposed amended settlement, and finds that notice of the action and settlement should be disseminated to the settlement Class.  To facilitate the final approval process, the Court appoints the six named Plaintiffs as Class Representatives, appoints Bisnar Chase as Class Counsel, and appoints Rust Consulting as the claims administrator.

### D.    CLASS NOTICE

The final matter for the Court's consideration is the adequacy of the proposed Notice to the settlement Class.  The purpose of an FLSA notice is to alert putative class members of the action and the proposed settlement to allow them the opportunity to opt-in. Hoffman-La Roche, 493 U.S. at 171 (noting that a FLSA notice should include "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.").  Here, the proposed Notice provides putative Class Members with sufficient information to render an informed decision about whether or not to opt in. See Khoury Decl. Ex. A.  However, to ensure that putative class members are aware that they will not receive a settlement unless they opt in, the first page

---

[2] At the final approval stage, the Court will conduct a lodestar cross-check in the course of evaluating the reasonableness of the fee request.  See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048-50 (9th Cir. 2002).

of the Notice should include a warning that states:  "**IF YOU DO NOT SUBMIT THE COMBINED '*CLAIM FORM/FLSA CONSENT TO JOIN FORM*' BY THE SPECIFIED DEADLINE, YOU WILL <u>NOT</u> RECEIVE YOUR PORTION OF THE SETTLEMENT**."

Finally, the Court notes that the proposed Notice indicates that any putative Class member objecting to the settlement pay appear in propria persona or through counsel at the final approval hearing.  In a class action governed by Rule 23, a district court may approve a class action settlement "after a hearing[.]"   Fed. R. Civ. P. 23(e)(2).  Since Rule 23 does not apply to FLSA actions, there is no corresponding requirement that the Court must conduct a hearing to confer final approval of a FLSA settlement.  Indeed, the Court will have an ample record based on the parties' written submissions and objections from putative class members, if any, from which it will be able to ascertain whether the settlement should be finally approved.  <u>See</u> Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").  As such, the Notice should be modified to state that the motion for final approval and for payment of attorney's fees, costs and incentive awards may be resolved without a hearing.

### III.   <u>CONCLUSION</u>

The Court finds that, for purposes of providing notice of the action and settlement, Plaintiffs are similarly situated with putative class members, and finds preliminary that the proposed settlement constitutes a fair and reasonable resolution of a bona fide dispute.  Accordingly,

IT IS HEREBY ORDERED THAT:

1.   Plaintiffs' Motion for Order Granting Preliminary Approval of Class Action Settlement, Conditional Certification, Approval of Class Notice, and Setting of Final Fairness Hearing is GRANTED.

2.   Within five (5) days of the date this Order is filed, the parties shall meet and confer and submit an amended Class Notice that includes the modifications set forth above.

1  The revised Class Notice shall be filed as a stipulation and proposed order approving the
2  notice.

3. Within ten (10) calendar days of the date this Order is filed, Defendants shall forward to Rust Consulting the Class List (formatted as a Microsoft Office Excel spreadsheet) which will include for each Class Member the following: full name, last known address and telephone number to the extent available in Defendants' business records; social security number; dates of employment, identification of the Covered Positions worked during the relevant Class Period, and any other information the Parties agree is necessary to calculate each Class Member's Settlement Payment.

4. Within twenty-one (21) calendar days of the date the revised Class Notice is approved by the Court, Rust Consulting shall mail to each Class Member, by first class, postage pre-paid, the Notice of Class Action Settlement, Claim Form/FLSA Consent to Join Form, and pre-printed, postage paid return envelope (collectively the "Notice Packet");

5. All mailings shall be made to the present and/or last known mailing address of the Class Members based on Defendants' records, as well as addresses that may be updated and located by the Claims Administrator who will conduct standard address searches in cases of returned mail as set forth in the Settlement Agreement. The mailing of the Notice Packet to Class Members as set forth in this paragraph is the best means practicable by which to reach Class Members and is reasonable and adequate pursuant to all constitutional and statutory requirements including all due process requirements;

6. Within thirty (30) calendar days after the initial mailing of the Notice Packet to the Class, Rust Consulting shall mail a "reminder" post-card to those Class Members who have not responded to the Notice of Class Action Settlement with the return of a Claim Form/FLSA Consent to Join Form reminding them of the deadline in which to act to make a claim.

7. Claim Forms/FLSA Consent to Join Forms must be mailed to the Claims Administrator, postmarked on or before sixty (60) calendar days from the initial mailing of the Notice Packet to the Class). Similarly, any objections to the proposed settlement must

1  be filed with the Court and served on the parties' respective counsel on or before sixty (60)
2  calendar days from the initial mailing of the Notice Packet to the Class.

3     8.  The Final Approval hearing shall be held before the undersigned on <u>May 20,
4  2014, at 1:00 p.m.</u>, in the above-entitled Court located at 1301 Clay Street, Courtroom 1,
5  (Fourth Floor), Oakland, California 94612.  The motion hearing may be continued or the
6  motion may be resolved without a hearing without further notice to the Class.  The parties
7  are advised to check the Court's website to determine whether an appearance on the motion
8  is required.

9     9.  Any motions for final approval of the settlement and for payment of
10 attorney's fees, costs, and incentive awards shall be served and filed with the Court at least
11 thirty-five (35) calendar days prior to the hearing date.  Any responses to these motions
12 shall be filed in accordance with the Civil Local Rules of this Court.

13    10. Pending further order of this Court, all proceedings in this matter except those
14 contemplated herein and in the Amended Settlement Agreement are stayed.

15    IT IS SO ORDERED.

16 Dated:  January  9 , 2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge