UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TERRELL JONES, a California resident; MICHAEL JOHNSON, a Florida resident; DERRICK PAIGE, a Texas resident; WILFREDO BETANCOURT, a Nevada Resident; YOLANDA McBRAYER, a former Colorado resident; and MICHAEL PIERSON, a North Carolina resident, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>AGILYSYS, INC., an Ohio corporation; AGILYSYS NV, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No: C 12-03516 SBA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING JUDGMENT** |

This is a nationwide collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, brought on behalf of individuals who are or were employed as Installation Specialists by Agilysys, Inc., and Agilysys NV, LLC (collectively "Agilysys"). The parties are presently before the Court on Plaintiffs' unopposed Motion for Order Granting Final Approval of Class Action Settlement and Entering Judgment. Dkt. 42. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

Plaintiffs Terrell Jones, Michael Johnson, Derrick Paige, Wilfredo Betancourt, Yolanda McBrayer and Michael Pierson were formerly employed as Installation Specialists by Agilysys, a developer and marketer of enterprise software and services. Plaintiffs allege that Agilysys misclassified them as exempt employees, and as a result, failed to pay overtime wages as required by state and federal laws. Plaintiffs filed their Complaint in this Court on July 6, 2012, and a First Amended Complaint ("FAC") on August 9, 2012. Dkt. 1, 9. The FAC alleges violations of the FLSA on behalf of a nationwide class as well as violations of the California labor law on behalf of classes located in California, Florida, Texas, Nevada, Colorado and North Carolina. See FAC ¶¶ 30-75. Each of the six Plaintiffs is from one of these states. See FAC ¶¶ 20-25.

On June 6, 2013, Plaintiffs filed their first preliminary approval motion seeking approval of a California Class under Federal Rule of Civil Procedure 23 and a nationwide FLSA Class. Dkt. 26. On August 15, 2013, the Court denied Plaintiffs' motion on the grounds that the California settlement class failed to satisfy Rule 23's numerosity requirement. Dkt. 27. On or about October 9, 2013, the Parties entered into the Amended Settlement Agreement based on a single nationwide FLSA class. On October 16, 2013, Plaintiffs filed a renewed Motion for Order Granting Preliminary Approval, which was granted by the Court on January 10, 2014. Dkt. 30, 33, 39.

The terms of the amended settlement call for Agilysys to pay a Gross Settlement Amount ("GSA") of $1,478,819, from which the following sums are to be deducted: (a) attorneys' fees in an amount not to exceed 25% of the GSA; (b) litigation costs estimated at $25,000; (c) incentive awards of up to $5,000 for each of the six named Plaintiffs; and (d) claims administration expenses to Rust Consulting, Inc. ("Rust Consulting") estimated at $16,500. The net settlement proceeds (i.e., the GSA less the aforementioned deductions) will be distributed to class members based on the number of weeks they worked during the class period. The average class member payment will be $9,707.78, with the highest payment estimated at $28,309.90. Any unclaimed funds will be

distributed on a pro rata basis to those class members who submitted claim forms. No amount will revert to Agilysys.[1]

The Court's preliminarily approval order directed Plaintiffs to disseminate notice of the settlement and a consent/claim form to similarly-situated class members. Claims forms and any objections to the settlement were due within sixty days of the mailing of the notice packet. Of the 125 identified class members, 107 individuals (86%) filed consents to join the action and submitted claim forms. No objections to the settlement were received by Plaintiffs' counsel or the Court. In accordance with the Court's order preliminarily approving the settlement, Plaintiffs have timely filed a motion for final approval. Agilysys has filed a statement of non-opposition to the motion.

## II. DISCUSSION

### A. CLASS SETTLEMENT

Settlements of private FLSA collective action claims generally require court approval. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). In reviewing an FLSA settlement, the district court's "[o]bligation is not to act as caretaker but as gatekeeper; [rather,] it must ensure that private FLSA settlements are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes." Goudie v. Cable Commc'ns, Inc., No. CV 08-507-AC, 2009 WL 88336, *1 (D. Or. Jan. 12, 2009). The salient question for purposes of approving a FLSA settlement is whether it constitutes a "fair and reasonable resolution of a bona fied dispute." Lynn's Food Stores, 679 F.2d at 1353. "If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" McKeen-Chaplin v. Franklin American Mortg. Co., No. C 10-5243 SBA, 2012 WL 6629608, *2 (N.D. Cal. Dec. 19, 2012) (quoting in part Lynn's Food Stores, 679 F.2d at 1354).

---

[1] The Court lauds the inclusion of a non-reversion provision.

As the Court explained in its preliminary approval order, the proposed settlement constitutes a fair and reasonable resolution of a bona fide dispute. The settlement resulted from arms-length, non-collusive negotiations overseen by a neutral mediator after the parties had exchanged a substantial amount of documents and information. The non-reversionary settlement constitutes between 30% to 60% of recoverable damages, and affords the putative class members a tangible monetary benefit. See Knight v. Red Door Salons, Inc., No. 08-01520 SC, 2009 WL 248367, *5 (N.D. Cal. Feb. 2, 2009) (recovery of 50% of possible damages in a wage and hour action was "substantial achievement on behalf of the class"). Moreover, the fact that there are no objections to the settlement and 86% of the class has consented to join in the settlement further weighs in favor of final approval. See Nat'l Rural Telecomms Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 529 (C.D. Cal. 2004 ("the absence of a large number of objections to a proposed class action settlement raises a strong presumption the terms of a proposed class settlement action are favorable to the class members"). The Court therefore finds that final approval of the settlement is appropriate.

### B. ATTORNEYS' FEES AND COSTS

Section 216 of the FLSA provides that the court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Here, Plaintiffs seek a fee award based on 25% of the GSA. Although this is a FLSA collective action, as opposed to a Rule 23 class action, the Court notes that the amount of fees sought is consistent with the "benchmark" set by the Ninth Circuit in cases where, as here, the attorney's fees are calculated as a percentage of a common fund. See In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011). The reasonableness of the fees requested is confirmed by the fact that the lodestar ($945,870.00) is over three times greater than the proposed, percentage-based fee award ($369,704.75). See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1050 (9th Cir. 2002) (noting that when applying the percentage-of-the-fund approach, the court should look to the lodestar as a cross-check to determine the reasonableness of the fee request). As for Plaintiffs' request for recovery of litigation costs, the Court finds that the amounts requested (i.e., $21,256.21 in litigation-

related expenses and $19,125.80 in claims administration expenses) are reasonable under the circumstances and appropriately documented. See Khoury Decl. ¶ 92; Beligan Decl. ¶ 9; Roe Decl. ¶ 23.

### C.  INCENTIVE AWARDS

Although incentive awards are not specifically authorized under the FLSA, they are generally authorized as a matter of the court's discretion. See In re Continental Illinois Secs. Litig., 962 F.2d 566, 571 (7th Cir. 1992). In reviewing whether an incentive award is appropriate, the Court should take in account "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." Staton v. Boeing Co., 327 F.3d 928, 977 (9th Cir. 2003). "In this District, a $5,000 incentive award is presumptively reasonable." Villegas v. J.P. Morgan Chase & Co., No. C 09-0261 SBA, 2012 WL 3542187, at *6 (N.D. Cal., Aug. 14, 2012).

Plaintiffs seek incentive awards in the amount of $5,000 for each of the six named Plaintiffs. In its preliminary approval order, the Court expressed concern whether each of the Plaintiffs has "sufficiently contributed to the litigation to warrant that amount." Dkt. 33 at 6. To address those concerns, each of the named Plaintiffs has submitted a declaration regarding his or her involvement in and contributions to the litigation. Each Plaintiff states that they spent time consulting with counsel, collecting supporting documents and discussing them with counsel, and preparing responses to anticipated written discovery requests. However, the probative value of this information is somewhat undermined by the fact that none of the Plaintiffs state the amount of time they actually spent on supporting the litigation of this case. The Court also notes that none of the Plaintiffs was deposed and only one of them, Terrell Jones, actually attended the mediation.

Although the precise amount of time and effort Plaintiffs expended in advancing the litigation is not entirely clear, it is readily apparent that the class benefitted from Plaintiffs' decision to file suit and pursue this action. As discussed, the settlement correlates to approximately between 30% to 60% of recoverable damages, which, as noted above, is

generally considered a favorable result. In agreeing to file suit, Plaintiffs assumed the risk of having a judgment entered against them in the event they did not prevail, and likewise faced repercussions from being identified as an individual who has sued his or her employer on a class action basis. Thus, on balance, the Court finds, in its discretion, that the record supports approving an incentive award in the amount of $5,000 for each Plaintiff.

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion for Order Granting Final Approval of Class Action Settlement and Entering Judgment is GRANTED.

2. Pursuant to the terms of the Amended Settlement Agreement and the findings set forth above, the Court approves the payment of:

    a. Attorneys' fees in the sum of $369,704.75 and litigation expenses in the sum of $21,256.51 to Class Counsel, the Law Offices of Cohelan Khoury & Singer and Bisnar | Chase;

    b. An incentive award in the sum of $5,000 each to Terrell Jones, Michael Johnson, Derrick Paige, Wilfredo Betancourt, Yolanda McBrayer and Michael Pierson; and

    c. Claims administration costs in the sum of $19,125.80 to the appointed claims administrator, Rust Consulting.

3. The parties are hereby ordered to comply with the terms of the Amended Settlement Agreement, forthwith.

4. A final judgment of dismissal is hereby entered in this case accordance with the terms of the Amended Settlement Agreement, Order Granting Preliminary Approval of Class Action Settlement, and this Order.

5. The parties shall bear their own costs and attorneys' fees, except as otherwise provided herein and by the Amended Settlement Agreement.

6. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: May 19, 2014

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge